STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Appellant,

v.

Walter Bradford YAGER and Hettie B. Yager, His Wife, Respondents.

No. 32029.

St. Louis Court of Appeals.
Missouri.

Oct. 19, 1965.

Robert L. Hyder, Esq., Chief Counsel, Joe Bill Carter and Wilkie Cunnyngham, Asst. Counsel, Jefferson City, for appellant.

Rendlen & Rendlen, Branham Rendlen, Hannibal, for respondents.

JAMES W. BROADDUS, Special Commissioner.

This is a proceeding by the State of Missouri at the relation of the State Highway Commission to condemn a right-of-way and certain easements across the lands of respondents. By the proceeding, appellant appropriated 5.48 acres of respondents' land. The Commission awarded no damages for the land and easements taken. Respondents filed exceptions to the Commissioners' award. The matter was tried to a jury resulting in a verdict in favor of respondents in the sum of $4500. The Highway Commission filed its motion for new trial, which was overruled, and this appeal followed.

The evidence disclosed that respondents owned a farm of some 392 acres in Ralls County, the east side of which abutted upon existing Route H, a black-topped highway. The respondents' improvements were located about 1/3 mile west of Route H. The right-of-way acquired by appellant divided respondents' farm into two parts, the northern part being some 305 acres in area; the southern part being some 80 acres in area. The right-of-way is essentially all curve and if it is to be used for the pasture of livestock will have to be fenced.

Respondent W. B. Yager inherited 312 acres and respondents purchased 80 acres in 1956. The respondents stated the entire farm was worth $60,000 before the taking and $50,000 after the taking, a damage of $10,000.

Respondents' domestic water supply was a spring which had been improved and the water piped to the house and feed lot. This spring always provided water and has never gone dry. After the road was

built the water supply had diminished. Clear water, not surface water, now runs in the ditch on the side of the highway above the spring.

Respondent W. B. Yager testified that the materials to fence the road cost $2,-137.38; that this does not include the labor cost of building the fence; that the labor cost would approximately equal the material cost, or a total cost of fencing of some $4,000; that the fence is difficult to build, requiring blasting for some post holes and being all on a curve, thus is more expensive than a normal farm fence.

Respondents introduced testimony showing that there had been eight sales of farms in the neighborhood of respondents' farm during the period from 1953 to 1964. Generally, the witnesses expressed the view that these farms were not as productive as respondents'. This by reason of the fact that the major portion of respondents' farm was bottom land.

Respondents called as witnesses Raymond W. Asbury and Dudley Lane. Mr. Asbury was a licensed real estate broker and had been since 1941. He made appraisals of city and farm property. He was a fee appraiser for F.H.A. and the Veterans Administration. He was acquainted with the values of farm real estate in Ralls County, Missouri. He was acquainted with the W. B. Yager (respondents) farm, having been over it on the morning of the day of his testimony. He was acquainted with land values in the neighborhood of respondents' farm in Ralls County, Missouri, prior and subsequent to December 16, 1957. He was not familiar with respondents' farm prior to December 1957, but had been on Highway H (the highway by respondents' farm). Objection to the witness testifying about the value of the farm prior to the taking, and a profert in connection therewith was sustained. The witness testified that he had an opinion of the (then) present value of the farm; that the farm was (then) presently worth $55,000, but if the road was not there the farm would be worth

$60,000; that this did not include any cost of fencing or of any interference with the domestic water supply.

Mr. Lane, now retired, worked for the Farmers Home Administration of the U.S. Government, Department of Agriculture for some 26 years. During this time he made estimates of values and was consulted on prices for land which was being financed by the government agency. He estimated values for over 100 farms in Marion and Ralls Counties. He had known the farm and respondent Yager before 1957 and had been to respondents' home several years before the taking.

The witness described respondents' farm and his computations concerning damages. He testified the road decreased the value of the farm; 30 acres reduced from $125 to $62.50 per acre; 50 acres reduced from $30 to $15 per acre; $165 for the 5½ acres taken; new fence $1900; or a total reduction in value of $4690. This did not include any amount for the reduction in value of the farm for stock purposes, nor the division of the farm into two tracts, nor the interference, if any, with the domestic water supply; that respondents' farm was definitely of less value after the road had been constructed.

Appellant called the three Commissioners as witnesses and they testified that in their opinion the benefits conferred by the building of the road were greater than the damages inflicted.

Appellant's first contention is that, "The Court erred in allowing witnesses on behalf of the respondents to testify to the sales prices of properties in Ralls County, since there was no evidence that the properties in question were similar to the subject tract in size, type, usage or date of valuation * * *."

◼ The respondents' witnesses testified as to the eight farms in the neighborhood of the respondents' farm which had been sold. The testimony disclosed the price paid in six of those sales.

As said by our Supreme Court in the case of In re Armory Site in Kansas City, Mo., 282 S.W.2d 464, 473:

"* * * The importance of evidence of the sale price of other land depends upon the degree of nearness of the sale in point of time and the proximity of the property, of the similarity in location, and in the use to which the property may be adaptable. *In determining the admissibility of evidence of this nature there necessarily must be considerable discretion on the part of the trial judge. * * *"* (Emphasis ours.)

Ralph Summers had lived in the neighborhood many years, and owned a farm which adjoined respondents' land. He testified that of the farms where the sale price was shown four were "very comparable" to respondents' tract. It is true that the farms which had been sold were, generally, not bottom land and the respondents' farm was better land. Nevertheless, the fact remains that they were farms and were in the immediate neighborhood. We are unwilling to hold that the trial court abused its discretion in admitting the testimony.

■ Appellant's remaining contention is that the court erred "in allowing the testimony of witnesses, Raymond W. Asbury and Dudley Lane, as to the trial date value and damage of the property, for the reason that such testimony did not tend to prove the value of the property in question as of December 16, 1957, the date of taking, and the introduction of such evidence was prejudicial to the appellant."

Mr. Lane was certainly qualified to testify as to values. He had been engaged in making appraisals in Ralls County for 26 years. He knew the W. B. Yager farm and had had occasion to value other farms in the vicinity. As we read Mr. Lane's testimony it took into account the farm's value at the time of taking. The contention lacks merit.

■ Mr. Asbury was asked to give his opinion as to the value of the Yager farm prior to the taking. It developed that he had not been on the farm before December 16, 1957. Upon appellant's objection the Court stated: "* * * This witness can't testify as to the value in 1957 of property that he didn't even then know. * * *" Later on Mr. Asbury was requested to give his opinion as to the present value of the farm. This he fixed at $55,000, and, if the road was not there, the farm would be worth $60,000. He was then asked: "What are the factors that go to make up the difference between what the land is worth as it now stands and as it would be were the road not present?" Upon appellant's objection the Court stated:

"Well, the Court is ruling that this witness cannot testify as to values in 1957 when he didn't even know the tract, but I don't understand the evidence having the same result as you claim.

"MR. CARTER: All right, if the witness is testifying simply to the conditions today, I will object to the introduction of such evidence on the basis that it is the improper standard for arriving at damages, if there are any.

"THE COURT: There is no question about that. This witness is not in a position to testify to before and after, but this particular testimony now doesn't call for that. The objection will be overruled."

It is true, as appellant contends, that the witness's testimony "did not tend to prove the value of the property in question as of December 16, 1957." However, under all of the circumstances, we are not inclined to hold that appellant was prejudiced. The instructions correctly told the jury that in assessing the damages to which respondents were entitled, the jury was to determine the fair market value of respondents' farm immediately before the taking and immediately after the taking. This court must presume that the jury followed the trial

court's instructions. And, no complaint is made that the verdict is excessive.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court.

Accordingly, judgment is affirmed.

ANDERSON, Acting P. J., RUDDY, J., and JAMES D. CLEMENS, Special Judge, concur.