STATE ex rel. STATE HIGHWAY COM-
MISSION of Missouri, Plaintiff-
Appellant,

v.

Regina M. CASEY et al., on exceptions of Ed-
ward T. Eversole, et al., Defendants,

Edward T. Eversole and Nancy Eversole,
Defendants-Respondents.

No. 34103.

Missouri Court of Appeals,
St. Louis District.

Jan. 9, 1973.

**374**

———◆———

Robert L. Hyder, Chief Counsel, Jefferson City, Donald L. Spry, Asst. Counsel, Mo. State Highway Comm., Kirkwood, for plaintiff-appellant.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for defendants-respondents.

ROBERT LEE CAMPBELL, Special Judge.

In this condemnation case, the Commissioners' award was in the sum of $12,250.-00; both plaintiff and defendants filed exceptions to the Commissioners' award. The jury awarded defendants $20,000.00, and plaintiff appeals. We affirm.

Plaintiff condemned two strips of defendants' land consisting of approximately 20 acres for relocation and improvement of Routes A(8), U and O. The effect of the relocation was to divide the southern portion of defendants' land into four separate and distinct parcels rather than two such parcels. In addition, construction of the new roadways necessitated cuts and fills

and resulted in limitation of access. Further facts will be set forth in the opinion where necessary.

Plaintiff raises three points on appeal, each of which consists of one full page in plaintiff's brief under points and authorities. In essence, plaintiff complains that the trial court committed prejudicial error in allowing defendants' witness, Tom Casey, to testify to sale prices paid for four other parcels of property in the vicinity of defendants' property between 1960 and 1968 for the reason that such sales were not comparables; in refusing to permit plaintiff to cross-examine Tom Casey with respect to the purchase price paid by defendants in 1962 for the land in question; and in permitting the introduction into evidence of noncompensable items of damages, such as the circuity of travel, limitation of access, and loss of access because of grade fills, and that the introduction of such evidence was not cured by the trial court's giving of plaintiff's withdrawal instruction No. 6.

Tom Casey was a lifetime resident of Potosi, Missouri, who owned an interest in the Casey property which lies between and abuts both the City limits of Potosi and the 383-acre tract of land owned by defendants from which the two strips were condemned by plaintiff as above set forth. Tom Casey testified to four sales of the Casey property between 1960 and 1968. He testified that in 1960 his family conveyed ten acres of cleared land that abutted the City limits of Potosi, and that in this conveyance, his family gave two acres and sold the other eight acres for $8,000.-00. This acreage was less than one-fourth mile from the defendants' property. He further testified that, in 1962, his family conveyed thirteen acres of cleared land located in close proximity to defendants' property for the sum of either $12,500.00 or $17,500.00 (Twelve thousand five hundred is typed in the transcript, and the "Twelve" has been stricken and the word "Seventeen" written in above in ink. Close reading of the transcript on both di-

rect and cross-examination fails to establish which figure is correct). He further testified that in 1964, his family conveyed eleven acres approximately one-fourth mile from defendants' property, and that in the conveyance his family gave one acre and sold the other ten acres for $10,000.00. He further testified that, in 1968, his family conveyed 36 acres of their cleared land for a shopping center for the sum of $50,000.-00, but that twelve of the 36 acres were considered to be nonusable because it had a tendency to flood.

■■ Plaintiff contends that none of said sales were comparable sales and should not have been permitted to be introduced into evidence because all of the sales involved cleared land, three of the sales were within the City limits of Potosi, the fourth sale abutted the City limits of Potosi, and each of said properties had available all public utilities, fire and police protection furnished by the City of Potosi, and that each sale involved an acreage area considerably smaller than defendants' property containing approximately 380 acres. On cross-examination, the witness testified that the sales were comparable, that at the time of the sales none of them had accessibility to water, sewerage, gas or electricity. He testified that the utilities were not available at the property lines and that utility lines had to be run to the properties involved. He further testified the defendants' property had the same problems that existed at the places of the other sales and that it was merely a matter of running utility lines to defendants' property.

The sales of acreage in such close proximity to defendants' property could certainly be considered as comparable sales. The introduction into evidence of such sales was within the exercise of reasonable discretion of the trial judge, and the trial judge clearly did not abuse his discretion in permitting the introduction of such evidence. State ex rel. State Highway Commission v. Yager, Mo.App., 395 S.W.2d 518; State ex rel. State Highway Commission v. Galeener, Mo., 402 S.W.2d 336.

■ With respect to plaintiff's contention that the trial court erred in not permitting the introduction into evidence of defendants' purchase price in 1962 of the land in question, some explanation is necessary. On cross-examination of Tom Casey, plaintiff's attorney inquired as to whether or not the witness had determined what the property in question was sold for to the defendants in 1962. After objection by defendants' attorney, the jury was excused, and one of the defendants, Edward T. Eversole, testified that the land in question was purchased as a part of a package deal from his Aunt's estate; that he received a quitclaim deed to the property in question and to twelve or fourteen other parcels of real estate as well as some bank stock. He further testified that his Aunt owned only a five-sixths undivided interest in the land in question and that he owned about one two-hundred-fortieths interest in the land, and that it was necessary for him to secure various and sundry other quitclaim deeds to purchase other undivided interests. The complicated transactions are succinctly set forth in defendants' brief as follows: "We submit that the circumstances of purchase from the trustees, to-wit: a 'package deal' containing several tracts of land plus personal property, and the title problems of less than a fee, destroy the relevancy and probative value of the 1962 sales price."

Although we have grave doubts as to the admissibility of this evidence, we need not make a determination of that issue. Defendants objected to the question on cross-examination of witness, Tom Casey, among other reasons, for the reason that "this would call for hearsay from Tom Casey." Plaintiff did not attempt to introduce this evidence by any other method than the one question asked of witness Tom Casey on cross-examination. The question clearly

called for hearsay evidence, and the trial court correctly sustained defendants' objection to such question. State ex rel. State Highway Commission v. Kimmell, Mo., 435 S.W.2d 354.

■ Plaintiff's third Point on appeal, and especially the argument in connection therewith, is somewhat confusing. In addition to the complaint with respect to introduction into evidence of noncompensable items of damages which was not cured by the trial court's giving of plaintiff's withdrawal instruction No. 6, plaintiff's Point III does conclude with a statement that "2. The Verdict Is Excessive Because It Is Not Supported by Any Other Credible or Competent Evidence." Defendants' evidence consisted of the testimony of four witnesses who testified to net damages of $25,250.00, $30,000.00, $30,000.00 and $40,-000.00. Two of these witnesses valued the 20 acres taken by plaintiff at $20,000.00, and gave opinions as to additional damages for inconvenience in going about the several separate pieces of land caused by the relocation of the highways in connection with the taking. Defendants' evidence, if believed by the jury, clearly supported the verdict of $20,000.00. The claim that the verdict is excessive is denied.

■ Plaintiff's Point III also complains that defendants' opening statement contained a separate claim for damages based upon noncompensable factors of (1) circuity of travel, (2) limitation of access on a newly relocated highway, and (3) loss of access on newly relocated highway because of grade fills. Plaintiff's Point III then complains that plaintiff was thereafter required by cross-examination of defendants' value witnesses to bring out the incompetent evidence on cross-examination in order to determine from such witnesses the part of their damages that was allocated to such incompetent and noncompensable factors. Plaintiff's only objection during all of defendants' opening statement was on one occasion that defendants' at-torney was expressing an opinion which should not be gone into in an opening statement. We fully agree with the statement in defendants' brief that plaintiff, on cross-examination of defendants' witnesses, introduced confusion between loss of access and inconvenience in going to and from the several parts of the tract of defendants' land to the other parts after the location of the new highways. Such inconvenience was introduced into evidence on direct examination by defendants and is a compensable item of damages to be considered by the jury. State ex rel. State Highway Commission v. Ridgway, Mo.App., 397 S.W.2d 744. Two of defendants' value witnesses did mention loss of access on direct testimony, *without objection*. Plaintiff was not required to cross-examine all of defendants' value witnesses with respect to such items of damages, but he chose to do so. In any event, plaintiff failed to move to strike any such testimony, and by reason thereof, has failed to preserve any such allegation for appellate review. State ex rel. State Highway Commission v. Rauscher Chevrolet Co., Mo., 291 S.W.2d 89.

■ The argument portion of plaintiff's brief under Point III apparently advances the theory that none of defendants' experts was sufficiently qualified to give value opinions in connection with their opinions as to the damages sustained by defendants as a result of plaintiff's taking. Such point is not directly raised by defendants in Point III of their brief. In addition, plaintiff's only objection during trial was that a proper foundation was not established as to three of the witnesses, and the objection to the testimony of the other witness was only as to leading questions, which was sustained. Plaintiff's contention in this respect is not preserved for appellate review. In addition, defendants' witnesses were clearly qualified to give their opinions as to values before and after the taking. The trial court certainly did not abuse its discretion in admitting the testimony of such witnesses as to value.

Northeast Missouri Electric Power Coop. v. Cary, Mo.App., 485 S.W.2d 862.

At the conclusion of the trial, the court gave plaintiff's withdrawal instruction No. 6, M.A.I. 34.03 (Modified), as follows: "In determining the value of defendants' remaining property, you must not consider any general detriment which is conferred upon all property within usable range of State Route A(8)."

■ Plaintiff argues that the giving of such withdrawal instruction did not cure the error with respect to the introduction of incompetent evidence with respect to noncompensable factors. Plaintiff relies upon the case of National Cash Register Co. v. Kay, Mo.App., 119 S.W.2d 437, l.c. 440, where the court held: "The general rule is that if inadmissible evidence has been received during a trial the error of its admission is cured by its subsequent withdrawal before the trial closes and by an instruction to the jury to disregard it. There is, however, a well recognized exception to the rule, as follows: Where the evidence thus admitted is so impressive that in the opinion of the appellate court its effect is not removed from the minds of the jury by its subsequent withdrawal and by an instruction of the court to disregard it, the judgment will be reversed on account of its admission and a new trial will be granted."

In view of the fact that any incompetent and inadmissible evidence was introduced on direct testimony without objection and that almost all of such evidence came into the trial during plaintiff's cross-examination of defendants' value witnesses, we hold that the facts in this case are clearly within the general rule set forth in the *National Cash Register* case. The giving of plaintiff's withdrawal instruction No. 6 completely cured the error, if any, with respect to the introduction of such evidence. Finding no error in the trial, the judgment is affirmed.

DOWD and CLEMENS, JJ., concur.